UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG E. LINDBERG,

    Plaintiff,

v.                                            Case No. 8:24-cv-2670-TPB-TGW

NORTH CAROLINA DEPARTMENT
OF INSURANCE and MIKE CLAUSEY,
*in his official capacity*,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. After reviewing the complaint, court file, and the record, the Court finds as follows:

Plaintiff Greg E. Lindberg has a long and turbulent history of litigation.[1] This action, like many others, is related to the appointment of a general receivership over his assets by a North Carolina state court. Unhappy with his outcomes in North Carolina, Plaintiff turned his sights to Florida, bringing this suit against the North Carolina Department of Insurance and its head, Mike Causey.[2] On November 16,

---

[1] Plaintiff's litigation history extends beyond his disputes with Defendants. Among other things, in 2020, Plaintiff was convicted of bribery and conspiracy to commit wire fraud, and he was sentenced to seven years and three months incarceration in federal prison. *See United States v. Lindberg*, No. 5:19-cr-22-MOC-DCK (W.D.N.C.). His conviction was overturned by a federal appeals court in 2022 based on erroneous jury instructions. *See United States v. Lindberg*, 39 F.4th 151 (4th Cir. 2022). A new jury trial was held, and Plaintiff was convicted of bribery and conspiracy to commit wire fraud on May 15, 2024. He has not yet been sentenced.

[2] The complaint consistently refers to "Mike Clausey," but this appears to be a scrivener's error. In addition, although the caption of the complaint specifies that Mike Causey is sued in his official capacity, portions of the complaint also refer to Causey's individual capacity. *See* (Doc. 1).

2024, Plaintiff Greg E. Lindberg filed a one-count complaint seeking a "declaratory judgment to declare that $901 million is the total liability owed by Plaintiff and his affiliates to the NC Insurance Companies and declaratory judgment declaring that the North Carolina Department of Insurance, acting via the special duty rehabilitator and William Janvier as limited receiver, has no authority in any capacity over Plaintiff's assets that are not specified affiliated companies per the terms of the [memorandum of understanding]."

There is other pending litigation with significant overlap concerning the issues raised in this action, most notably *Southland Nat'l Ins. Corp. in Rehabilitation v. Greg E. Lindberg*, Case No. 19CVS013093 (Wake Cty. Super. Ct.).[3]

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part that in 'a case of actual controversy … any court of the United States … may declare the rights and legal relations of any interested party seeking such declaration.'" *Nat'l Trust. Ins. Co. v. Southern Heating and Cooling Inc*. 12 F.4th 1278, 1281 (11th Cir. 2021) (quoting statute). A district court maintains discretion when deciding whether to entertain an action for declaratory relief. *Id*. (citing *Wilston v. Seven Falls Co.*, 515 U.S. 277 (1995)).

---

[3] Other cases include, but are not limited to, *Causey v. Southland National Ins. Co.*, No. 19CVS8664 (Wake County Superior Ct.); *Southerland National Insurance Co. in Liquidation v. Greg E. Lindberg*, No. 5:23-cv-340-D-RN (E.D.N.C.); *Colorado Bankers Life Ins. Co. v. Academy Financial Assets*, *LLC*, 5:20-cv-474-D (E.D.N.C.); *Colorado Bankers Life Ins. Co. v. Academy Financial Assets, LLC*, 5:23-cv-181-D-RJ (E.D.N.C.); *Colorado Bankers Life Ins. Co. v. Academy Financial Assets, LLC*, 5:23-cv-182-D-RJ (E.D.N.C.); *Southland Nat'l Ins. Corp. v. Standard Fin. Ltd.*, 5:23-cv-183-D-RJ (E.D.N.C); *Colorado Bankers Life Ins. Co. v. Fiasco Fine Wine, LLC*, No. 23CV001432-910 (Wake County Superior Ct.); *Southland Nat'l Ins. Corp. v. Gilford Asset Mgmt., LLC*, No. 23CVS001321-910 (Wake County Superior Ct.); *Colorado Bankers Life Ins. Co. v. Standard Malta Holdings Limited*, No. 5:23-cv-184-D (E.D.N.C.).

When deciding whether to adjudicate, dismiss, or stay an action for declaratory relief, a district court should consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying actual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (quoting *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005)).

North Carolina has a strong interest in having the issues raised in the federal declaratory action decided in its state courts. Plaintiff was a North Carolina resident at the relevant times, Defendants are North Carolina residents, and Plaintiff is challenging actions taken in relation to a North Carolina receivership. North Carolina therefore has a compelling interest in determining the issues raised in this action. Furthermore, North Carolina law would govern many, if not all, of the issues of this dispute, such as Plaintiff's liability and the powers of the North Carolina receiver.

The requested declaratory judgment would not appear to resolve the underlying controversy or clarify the legal relationships at issue, and these considerations weigh in favor of dismissal to avoid piecemeal litigation. This action appears to be

procedural fencing by Plaintiff, who has been unhappy with his outcomes in North Carolina. The use of a declaratory action would substantially increase the friction between our federal and state courts as Plaintiff is essentially asking for review of the North Carolina receivership.

The North Carolina state trial court appears to be in the best position to evaluate factual and legal issues as to Plaintiff's liability and the authority of the receiver. The state trial court would also be in the best position to interpret its own orders, such as the temporary restraining order. There is simply an inescapably "close nexus between the underlying actual and legal issues and state law and/or public policy. . ." *See id.* at 1283.

A court may decline to entertain a declaratory action under the Declaratory Judgment Act even when there is no pending parallel proceeding. *Id.* at 1283-84. But when there is a parallel state court proceeding, there is more reason to dismiss or stay a § 2201(a) declaratory judgment action in favor of the concurrent proceeding. *Id.* at 1285. Considering the totality of the *Ameritas* factors, along with the requested declaratory relief here, the Court finds that the parties' dispute is better litigated in the state court of North Carolina.

Consequently, the Court declines to entertain this declaratory action, which furthers "principles of wise judicial administration, federalism, comity, and avoidance of duplicative and officious federal proceedings." *See id.* (citing *Brillhart v. Excess Ins.*

*Co. of America,* 416 U.S. 491, 494-95 (1942); *Ameritas*, 411 F.3d at 1331). This declaratory judgment action is dismissed without prejudice.[4]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of December, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that Plaintiff is certainly free to clarify the terms of his liability, the significance of the memorandum of understanding ("MOU"), the state court's temporary restraining order, and the receiver's authority over Plaintiff's assets with the Superior Court of Wake County, North Carolina.